IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 0 3 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| WILLIAM DOUGLAS BLOODWORTH II and JOHN O'NEILL GREEN, <br><br> Plaintiffs <br><br> v. <br><br> THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, JOHN F. FANT, CLIFF ROBERSON, and REBECCA SCHLOSSER, <br><br> Defendants. | CIVIL ACTION NO. H-02-0200 |



## MEMORANDUM AND ORDER

Pending before the Court in this wrongful termination civil rights action are the following motions:

(1) Defendant Rebecca Schlosser's partial motion to dismiss and for Rule 7(a) reply (Doc. 28);

(2) Defendant Texas Department of Criminal Justice's motion to dismiss (Doc. 29);

(3) Defendant John F. Fant's partial motion to dismiss[1] (Doc. 31), motion for Rule 7(a) reply (Doc. 34), and motion to dismiss Plaintiffs' Texas Whistleblower Act claim (Doc. 46); and

(4) Plaintiffs William Douglas Bloodworth II and John O'Neill Green's motion for partial reconsideration of the the Court's February 13, 2003 Order dismissing claims against Roberson (Doc. 35).

---

[1]Defendant Fant incorrectly titled this motion, which he filed under Fed. R. Civ. P. 12(b)(1), as a "motion for judgment on the pleadings." Given both Fant's reference to Fed. R. Civ. P. 12(b)(1) and the content of the motion, it is clear to the Court that Docket Instrument 31 is actually a motion for partial dismissal for lack of subject matter jurisdiction, and accordingly will be treated and referred to as such by the Court.

47

On January 22, 2002, Plaintiffs filed this action against the Texas Department of Criminal Justice ("TDCJ") and three state employees in their official and individual capacities: (1) John F. Fant ("Fant"), the Director of the State Counsel for Offenders office of the TDCJ; (2) Rebecca Schlosser ("Schlosser"), the Supervising Attorney of the Trial and Legal Services Division of the State Counsel for Offenders office of the TDCJ ; and (3) Cliff Roberson ("Roberson"), the former Supervising Attorney of the Trial and Legal Services Division of the State Counsel for Offenders office of the TDCJ. Plaintiffs asserted three claims against Defendants arising from their employment and ultimate discharge at the TDCJ: (1) violations of the Texas Whistleblower Act, TEX. GOVT. CODE ANN. § 554.001, *et seq.*, (2) overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FSLA"), and (3) a 42 U.S.C. § 1983 claim stemming from the alleged deprivation of their First Amendment rights. In essence, Plaintiffs allege that Defendants retaliated against and, ultimately, terminated them for reporting that their supervisor, Fant, was practicing law without a valid license. On February 13, 2003, this Court ruled on Roberson's motion for partial dismissal (Doc. 6), and in doing so concluded the following:

> (1) Plaintiffs' claims under the Texas Whistleblower Act must be dismissed because Texas has not waived its sovereign immunity to be sued under the Act in federal court. See *Perez v. Region 20 Education Service Center*, 307 F.3d 318, 333 (5th Cir. 2002).
>
> (2) Plaintiffs' claims under the FLSA must also be dismissed on sovereign immunity grounds. See *Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Bunt v. Texas General Land Office*, 72 F.Supp.2d 735, 738 (S.D. Tex. 1999).
>
> (3) The Eleventh Amendment likewise bars § 1983 suits against states and state officers sued in their official capacity, like Roberson. See *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994); *Edelman v. Jordan*, 415 U.S. 651, 675-76 (1979).

Thus, after entry of that order, Plaintiffs were left with only one claim against Roberson: their § 1983 claim against Roberson *in his individual capacity*. In the subsequently filed motions to dismiss now pending before the Court, Fant, Schlosser and the TDCJ essentially seek to apply the holdings of the Court's February 13th Order to themselves: Fant and Schlosser seek dismissal of all claims against them except the § 1983 claims asserted against them in their individual capacities, and the TDCJ seeks dismissal of all claims against it. Plaintiffs, moreover, recognize the applicability of the Court's February 13th holdings to the other Defendants. Commenting on the February 13th Order, Plaintiffs stated: "In essence, this Court has left Roberson, Fant, and Schlosser in this suit in their individual capacities under 42 U.S.C. § 1983."[2] Thus, there is no dispute that *all* of Plaintiffs' Texas Whistleblower Act and FLSA claims are dismissed from this action,[3] and to that extent, the motions to dismiss by Schlosser, Fant and TDCJ are granted. There is also no dispute that Plaintiffs still have § 1983 claims pending against Roberson, Fant and Schlosser in their individual capacities.

Plaintiffs, however, argue that in addition to these § 1983 claims the Court should maintain their § 1983 claims against the TDCJ and against Fant and Schlosser *in their official capacities*, "to the extent that Plaintiffs have sought prospective injunctive relief in the form of reinstatement."[4] Specifically, Plaintiffs contend that "the Eleventh Amendment protects a state official sued in his official capacity from all claims except for certain forms of prospective equitable relief, such as

---

[2] *Plaintiffs' Response to Defendants' Motions to Dismiss* (Doc. 36) at 1.

[3] Plaintiffs cannot state a claim for relief under the Texas Whistleblower Act or FLSA against Roberson, Fant or Schlosser in their individual capacities. See TEX. GOVT. CODE ANN. § 554.001(5) and *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001).

[4] *Id.* at 2.

reinstatement and requests for attorney's fees and costs."[5] This Court agrees.[6] Accordingly, Fant and Schlosser's motions to dismiss Plaintiffs' § 1983 claims against them in their official capacities are denied, to the extent Plaintiffs seek reinstatement and the costs associated therewith, such as attorneys' fees.[7]

The only remaining matters are motions by Fant and Schlosser for a Rule 7(a) reply from Plaintiffs providing greater specificity of their claims in response to Defendants' assertion of official immunity.[8] Plaintiffs have since filed a Rule 7(a) reply in the form of an amended complaint, and Fant's and Schlosser's motions are therefore denied as moot. The Court notes, however, that Plaintiffs' amended complaint inexplicably restates their claims under the Texas Whistleblower Act and FLSA,[9] as well as fails to assert § 1983 claims against Fant or Schlosser in their official capacities.[10] In order to facilitate the efficient resolution of this action, the Court **ORDERS** that Plaintiffs file a second amended complaint that (1) takes into account the rulings in this Order, in particular the dismissal of their Texas Whistleblower Act and FLSA claims; and (2) replies to

---

[5] *Id.*

[6] See *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996); *Brennan v. Stewart*, 834 F.2d 1248, 1251-52 (5th Cir. 1988); *Ex Parte Young*, 209 U.S. 123 (1908).

[7] There appears to be no need to maintain the same claim against Roberson, since he no longer works for the TDCJ and any order of prospective relief would be meaningless against him.

[8] See *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

[9] *Plaintiffs' Rule 7 Reply and First Amended Original Complaint* ¶¶ 42-46.

[10] *Id.* at ¶¶ 4-5. Defendants, of course, may have changed their minds and may no longer wish to seek reinstatement, in which case this omission is entirely appropriate.

Defendants' assertion of official immunity in detail and in a manner that is "tailored to the assertion of qualified immunity and fairly engage[s] its allegations."[11]

In sum, the Court

**ORDERS** that Defendant Rebecca Schlosser's partial motion to dismiss and for Rule 7(a) reply (Doc. 28) is **GRANTED-IN-PART and DENIED-IN-PART**;

**ORDERS** that Defendant Texas Department of Criminal Justice's motion to dismiss (Doc. 29) is **GRANTED**;

**ORDERS** that Defendant John F. Fant's partial motion to dismiss (Doc. 31) is **GRANTED-IN-PART and DENIED-IN-PART**;

**ORDERS** that Defendant John F. Fant's motion for Rule 7(a) reply (Doc. 34) is **DENIED** as moot;

**ORDERS** that Defendant John F. Fant's motion to dismiss Plaintiffs' Texas Whistleblower Act claim (Doc. 46) is **GRANTED**; and

**ORDERS** that Plaintiffs' motion for partial reconsideration of the the Court's Order dismissing claims against Roberson (Doc. 35) is **DENIED**.

The result of these orders is that all of Plaintiffs' Texas Whistleblower Act and FLSA claims are dismissed under Fed. R. Civ. P. 12(b)(1). Plaintiffs now have only the following two sets of claims:

(1) 42 U.S.C. § 1983 claims, premised on First Amendment violations, against Fant, Schlosser and Roberson in their individual capacities; and

---

[11] *Schultea*, 47 F.3d at 1433.

(2) 42 U.S.C. § 1983 claims, premised on First Amendment violations *and seeking prospective injunctive relief only* (*i.e.*, reinstatement and the costs associated therewith, including attorneys' fees), against Fant and Schlosser *in their official capacities*. The TDCJ remains a party to this suit only because of these claims against Fant and Schlosser in their official capacities.

The Court further **ORDERS**, *sua sponte*, that Plaintiffs are to file a second amended complaint, within **15 DAYS** of the issuance of this Order, that (1) takes into account the rulings in this Order and (2) replies to Defendants' assertion of official immunity in detail and in a manner that is tailored to the assertion of qualified immunity and fairly engages its allegations. This filing will allow the official immunity issue to be adequately briefed by the parties and ruled on by the Court.

**SIGNED** at Houston, Texas, this 2nd day of February, 2004.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE